LEE OGBURN V. THE STATE.

No. 7946. Decided January 16, 1924.

1.—Theft of Automobile—Reproduction of Testimony—Want of Proper Predicate.

Where, upon trial of theft of an automobile, the predicate laid for the reproduction of the testimony of absent witnesses was insufficient, and said testimony was material in bringing about the conviction of the defendant, the judgment must be reversed and the cause remanded.

**2.—Same—Reproduction of Testimony—Rule Stated.**

In order to justify the reproduction of the former testimony of a witness who is absent at the trial upon the ground that he is a non-resident or dead, the facts must sufficiently make out a predicate and where the question is non-residence the facts must show that the witness is not within this State at the time of the trial. Following Ripley v. State, 58 Texas Crim. Rep., 489.

**3.—Same—Evidence—Efforts to Arrest—Non-Residence.**

The testimony of the officer setting out at length the efforts he made to get the absent witness to Court was inadmissible as criminating evidence and was capable of injury to the defendant, and should not have been brought out in the presence of the jury if it were needed to establish non-residence.

Appeal from the District Court of Bowie. Tried below before the Honorable Hugh Carney.

Appeal from a conviction of theft of an automobile; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*G. C. Barkman* and *Keeney & Dalby,* for appellant.—On question of reproducing testimony Wingo v. State, 229 S. W. Rep., 858; Smith v. State, 48 Texas Crim. Rep., 65; Pace v. State, 61 id., 436; Ripley v. State, 58 id., 489; Hardin v. State, 57 id; 401.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Bowie County of theft of an automobile, and his punishment fixed at five years in the penitentiary.

A colored doctor named Thompson lost his Ford car on the night of the 14th of June. Some weeks later he recovered it. He said it was taken between 8 and 10 o'clock on said night. We have examined the record very carefully and the only evidence offered by the State which seems to connect the appellant with the taking of the car in question is the testimony given by his brother Virgil Ogburn on the occasion of the preliminary hearing of appellant had in July a few weeks after the alleged loss of the car. The brother says in said testimony that he lives in Louisiana, and that four or five days before the 19th of June, 1921, he was awakened in the early morning about daybreak by Dorris Parker and Lee Ogburn (appellant) who left a Ford car in front of his garage. The defense offered in evidence another portion of the statement of Virgil Ogburn as given on said preliminary trial in which he said that he though it was Lee Ogburn and Parker who brought the car that morning; that it was before daylight and that he had just awakened and that there were two men in the car;

some one hollered and said hello Mr. Ogburn and that awakened him and he said hello; the man then said "I want to leave my car here" and witness said "allright". Witness was getting up when he did this talking. That was the only view he had of the parties. He further said that he had never seen appellant around this car at all unless it was he who came there that morning.

In addition to the testimony of this witness given at the preliminary trial which was reproduced on the instant trial, the State also was permitted to reproduce the testimony of one Frank Moore who stated that Dorris Parker and Virgil Ogburn came to his house and left an old car in his garage and that a day or two later he discovered that the old car had been taken out and a comparatively new car substituted therefor, which new car was later taken away from his house and turned over to the officers and seems to have been the car taken from prosecuting witness Thompson. This witness did not attempt to say that he had ever seen appellant doing anything with or having any connection with said car.

Appellant strenuously objected to the reproduction of the testimony of said two witnesses. The matter has been carefully considered. The preliminary trial was had in July 1921, and the instant trial was had in February 1923. In order to justify the reproduction of the former testimony of a witness who is absent at the trial upon the ground that he is a non-resident or dead, the facts must sufficiently make out a predicate. In a case such as this where the absence of the witnesses from the State is relied upon as the fact justifying the reproduction of such testimony, the question is the establishment by proof of the fact that the witness is not within this State at the time of trial. We have carefully examined the record with reference to the sufficiency of the proof offered on this point. The State introduced sheriff Baker who testified that on Thursday before the trial he went over to the town of Gilliam, Louisiana, where the absent witnesses Virgil Ogburn and Moore were supposed to live. He testified that he did not know where Virgil Ogburn lived but understood that he lived there at Gilliam, Louisiana, but he was away from home in the oil field when he visited Gilliam. He also testified that he made an effort to find Frank Moore, and that he talked to a doctor, a drug man and two clerks and that a merchant there in Gilliam told him that Moore lived there. On cross-examination Mr. Baker said that he knew nothing about the residence of these witnesses of his own knowledge and that all he knew about it was what people at Gilliam told him on the occasion of his visit. He did not see either of the parties and knew nothing of their residence, as stated, upon his own knowledge. We do not think this a sufficient predicate. The fact that a witness stated that he lived out of the State nearly two years before the trial, could not be sufficient to establish his residence at the time of the trial. Ripley v. State, 58 Texas Crim. Rep., 489. This court has always held

that the fact of non-residence could not be shown purely by hearsay. Scruggs v. State, 35 Texas Crim. Rep. 624; Nixon v. State, 53 Texas Crim. Rep., 325; Anderson v. State, 74 Texas Crim. Rep., 621. Under these facts we think the learned trial judge in error in permitting the State to reproduce the testimony of said absent witnesses. The case would have to be reversed for this reason because in the absence of the testimony of Virgil Ogburn there is no shadow of connection shown between appellant and the alleged stolen car. We further observe that the testimony of officer Richardson setting out at length the efforts that he had made to get the witness Virgil Ogburn to court, would be inadmissible as criminating evidence, and same would be capable of injury to appellant. The testimony of said former sheriff on this point would seem to be admissible only as a part of the predicate for establishing the admissibility of the testimony sought to be reproduced, but it ought not to be brought out in the presence of the jury. Testimony that repeated efforts were made to get before the court the brother of the appellant, which efforts were unsuccessful, might easily lead the jury to believe that the reason the witness declined to come to court or evaded process was because he believed his brother, the appellant, to be guilty, or because appellant kept him away.

For the error mentioned the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*