STATE v. JAMES GALLINA, Appellant.—No. 38853.—178 S. W. (2d) 433.

Division Two, February 7, 1944.

Motion to Modify Opinion Sustained and Rehearing Denied, March 6, 1944.

*John L. Sullivan* and *Joseph M. Walsh* for appellant.

*Roy McKittrick,* Attorney General, and *Lawrence L. Bradley,* Assistant Attorney General, for respondent.

BOHLING, C.—The contested issue presented is, principally, whether the State showed sufficient diligence upon which to predicate the admission in evidence of the transcript of testimony given at a prior trial of an absent witness. We think appellant's contention will have to be sustained. The appeal is by James Gallina from a judgment imposing a sentence of one year in jail for manslaughter.

The facts with respect to diligence, shown in the absence of the jury, follow. The indictment charged murder, was filed September 5, 1941, and appellant pleaded "not guilty." At the first trial, April 17, 1942, the jurors were unable to agree. Mrs. Lucille Walsh, who

had witnessed the occurrence, was a State's witness at that trial. Appellant's counsel testified, and counsel for the State admitted, appellant at all times thereafter was ready for trial. The case was set for trial in June, 1942. Upon investigation the Circuit Attorney's office was informed that Lucille Walsh had married a Mr. Wright and had moved from her address in St. Louis to a mailing address on a rural route out of Camdenton, Missouri. A continuance was had. The case was next called on October 5, and was continued to October 19, 1942. An Assistant Circuit Attorney testified that he got in touch with Mrs. Walsh by long distance telephone "and made an effort to get her up here, asked her to come up here, and she stated that she couldn't come up"; that she informed him "she was willing to cooperate with the State and come up"; that her husband "had a serious lung ailment and she couldn't come up, and she wouldn't come up if she was subpoenaed." The Circuit Attorney informed appellant's counsel and the case was then set for December 7, 1942. The Circuit Attorney's office wrote a letter, dated November 10, 1942, to Mrs. Wright but this letter "came back with Mrs. Wright's name scratched out and an arrow pointing up to the return address of the Circuit Attorney's office." This, according to the record, indicated that someone had "scratched out the address" and redeposited the envelope in an "out-going box at Camdenton." November 28, 1942, witness made an effort to get in touch with Mrs. Wright by long distance telephone. He was informed by the telephone operator that Mrs. Wright was not there and asked if he cared to speak to Mrs. Wright's daughter who was at the phone. The substance of the long distance conversation with this person was that Mr. and Mrs. Wright had gone to Colorado; that the speaker received a card from them "now and then" but always from a different address; that they moved from place to place and she could not give their address; that the speaker did not know whether they would return to Missouri but that they would not return before warm weather if they returned. Witness testified that he never caused a subpoena to be issued and forwarded for service on Mrs. Wright; he "wanted to be careful; I didn't want to get her hostile"; that after the telephonic conversation of November 28, witness did not know where to send a subpoena for service. He informed appellant's counsel he was going to trial without Mrs. Wright, and did not, until the day or a day or so before the trial, inform counsel he would attempt to use her former testimony.

In respect to the issue the State and an accused occupy essentially different positions. An accused is entitled to the full weight of, among others, the constitutional provisions of which the English speaking people boast, reading: ". . . the accused shall have the right . . . to meet the witnesses against him face to face . . ." Mo. Const., Art. 2, Sec. 22. Consult State v. Butler, 247 Mo. 685, 697(I), 153 S. W. 1042, 1044[1]. In proper instances the right of

the State, as well as of an accused, to introduce former testimony to establish as true the facts stated is not questioned. Consult State v. Brown, 331 Mo. 556, 559(1), 56 S. W. 2d 405, 407(I) wherein Cooley, C., reviews earlier Missouri cases; State v. Logan, 344 Mo. 351, 354[4], 126 S. W. 2d 256, 259[7-9], 122 A. L. R. 417, 421 [1-4]; 23 C. J. S., p. 117, Secs. 892 et seq.; 5 Wigmore, Evidence (3d Ed.), p. 122, Ch. XLVII; 2 Wharton, Criminal Evidence (11th Ed.), p. 1111, Ch. IX. The instant issue is the propriety of admitting the former testimony upon the showing made.

The only evidence offered on the witness' non-residence were statements made to the Assistant Circuit Attorney by third parties. Even though statements made by an absent witness of his moving to another state be considered acts and not hearsay, testimony of what some third party said was clearly hearsay. It may have tended to establish diligence but, objected to as here, was not probative evidence of the asserted fact of the non-residence of the witness. There was no subpoenae issued to the county of trial or to the county of the witness' last known residence in the State. There was no inquiry at any last known address in Colorado. Prosecuting attorneys, witnesses, and citizens owe a constitutionally recognized duty to afford an accused a speedy trial. The discharge of this duty may not properly pivot on the mere mood of a witness for the State. ''I didn't want to get her hostile'' is not proof that the witness would commit perjury if the processes of the law had been invoked to compel her attendance. We think a greater effort should have been made to establish the witness' non-residence and to verify the hearsay statements found in the Circuit Attorney's testimony; certainly in the circumstances here to the extent of issuing a subpoena, coupled with a reasonably diligent effort to locate the witness for service of process if in the State. State v. Lloyd, 337 Mo. 990, 996, 87 S. W. 2d 418, 422[5], considered reasonable diligence was required to secure the presence of non-resident witnesses. Greater diligence should be exercised with respect to a witness who was a resident at the time of testifying for the admissibility of the former testimony for the purpose of establishing the facts therein asserted as true. See Annotations, 122 A. L. R. 434, 79 A. L. R. 1406, 15 A. L. R. 537. Consult State v. Williamson, 343 Mo. 732, 735[3], 123 S. W. 2d 42, 44[6]; McCreight v. State, 45 Ariz. 269, 42 Pac. 2d 1102, 1103[3]; McMunn v. State, 113 Ala. 86, 21 So.. 418; Ogburn v. State, 96 Tex. Cr. 339, 257 S. W. 887, 888[1, 2]; Philbrook v. State, 216 Wis. 206, 256 N. W. 779, 781[2, 3].

Other issues mentioned may be readily eliminated upon a retrial. They need not be discussed.

The judgment is reversed and the cause is remanded. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.