STATE v. JUNE GORDEN, Appellant.—No. 40200.—204 S. W. (2d) 713.

Division Two, October 13, 1947.

*William A. Seibel* for appellant.

1012

*J. E. Taylor,* Attorney General, and *Gordon P. Weir,* Assistant Attorney General, for respondent.

██ BOHLING, C.—Charged with the commission of the crime of incest, tried and found guilty in the circuit court of Cole county, Missouri, and sentenced to two years' imprisonment in the penitentiary, June Gorden prosecutes this appeal. His chief complaint is that certain evidence was erroneously admitted, stressing an extrajudicial statement made by the prosecutrix and a purported confession of the appellant.

██ Appellant's point that the information was fatally defective because it charged appellant with incest by adultery without also charging that appellant at the time was a married man, citing 31 C. J. 380, sec. 23, is not well taken. Section 4649, R. S. 1939, provides, so far as material: "Persons within the following degrees of consanguinity, towit: Parents and children . . . who shall commit adultery or fornication with each other, . . . shall be adjudged guilty of incest . . ." The information followed the language of the statute. This is sufficient for a statutory offense. The gist of the instant offense is an act of sexual intercourse with a daughter. Whether an accused is married or single at the time of the act is not within the statutory definition and an allegation in respect thereto would be surplusage. Use of the term "adultery" in the charge makes it proper to establish that the accused was married at the time. State v. Brown, 209 Mo. 413, 419, 107 S. W. 1068, 1070; State v. Bullinger, 54 Mo. 142, 143; State v. Harris, 283 Mo. 99, 107, 222 S. W. 420, 422; 42 C. J. S. 510, sec. 12 b.

██ The State offered the prosecutrix as a witness. She answered a few preliminary questions but refused to answer any questions respecting the charge against appellant, standing upon her constitutional rights against self-incrimination. Thereafter, the State had the chief of police of Jefferson City to identify a signed but unsworn statement of the prosecutrix and, over the objections of appellant's counsel, succeeded in having the statement admitted in evidence on the theory the testimony of the prosecutrix was not available to the State; that the statement was the next best evidence and that, having been voluntarily made, it constituted substantive probative evidence of appellant's guilt. The State cites certain civil authorities to sustain the ██ admissibility of the prosecutrix's statement*. We are not

---

*31 C. J. S. 988, sec. 239, n. 25; Sutter v. Easterly, 354 Mo. 282, 294[3, 4], 189 S. W. 2d 284. 288[5]; Re Thomasson's Estate, 347 Mo. 748, 758[6], 148 S. W. 2d 757, 763[11, 12].

concerned here with an accused's extrajudicial confession, or a statement constituting a part of the res gestae or of a co-conspirator during the execution of the conspiracy, but the extrajudicial statement of a witness against the accused. The statement is written hearsay. Its probative value as evidence of appellant's guilt depends not alone on the veracity of the witness, but, if made, also upon the veracity of the person making the statement. If inquiry whether the statement were made had become material, its admission was relevant on that issue but not as proof establishing the facts therein narrated: (Consult 22 C. J. S. p. 1228, secs. 718, 719, 746 and 747.) The Bill of Rights of our Constitution (Art. 1, Sec. 18, Mo. Const. 1945, Laws 1945, p. 5) provides: "That in criminal prosecutions the accused shall have the right . . . to meet the witnesses against him face to face . . ." This provision assures to one accused of crime the rights of confrontation and of cross-examination under oath, and excludes extrajudicial statement of witnesses as probative evidence of a defendant's guilt in the circumstances of the instant case. State v. Johnson, 334 Mo. 10, 19(II), 64 S. W. 2d 655, 659[4, 5]; State v. Kinnamon, 314 Mo. 662, 672(III), 285 S. W. 62, 64[8]; State v. Gallina, 352 Mo. 557, 178 S. W. 2d 433; State v. Condit, 307 Mo. 393, 408(I), 270 S. W. 286, 290[2]; State v. Duncan, 116 Mo. 288, 311(h), 22 S. W. 699, 705(h); 23 C. J. S. 360, secs. 999, 1000, 1002; 14 Am. Jur. 888, sec. 176; 20 Am. Jur. 400, secs. 451, 452; 1 Wharton, Cr. Evi. (11th Ed.) 672, secs. 430, 431, 435, 437, 438, 443; Annotations, 129 Am. St. Rep. 23, 39; 33' A. L. R. 826. Consult 25 West's Mo. Dig., Rape 20, sec. 48(2).

■ An extrajudicial written statement, signed by appellant and confessing the offense, was admitted in evidence over the objection of the appellant but upon the condition and with the assurance of the prosecuting attorney to the court that independent proof of the corpus delicti would be adduced. We have just ruled the statement of the prosecutrix was inadmissible under the record made. This causes the record to be devoid of independent probative evidence of any offense. We have considered, as did the trial court, that a confession should be corroborated by independent proof of the corpus delicti before it constitutes evidence of guilt. The logical procedure is to establish first the corpus delicti and thereafter the accused's connection therewith. State v. Bennett (Mo.), 6 S. W. 2d 881, 882[2]'; State v. Adams, 308 Mo. 664, 670(II), 274 S. W. 21, 23[4]; State v. German, 54 Mo. 526; State v. Bowman, 294 Mo. 245, 258(I), 243 S. W. 110, 114[1, 2] reviewing cases; 23 C. J. S. p. 182, sec. 916 b, p. 443, secs. 1046, 1047; 22 C. J. S. 1248, sec. 730 b; 20 Am. Jur, p. 422, sec. 485, p. 1083, secs. 1230, 1233; Annotations, 68 L. R. A. 47, 75, 79; 28 L. R. A. (N. S.) 536; 78 Am. Dec. 252, 253; 10 Ann. Cas. 913.

■ With the statement that the cross-examination of a defendant on trial or of his wife should be limited to matters referred to in the examination in chief (Sec. 4081, R. S. 1939), the foregoing disposes of all the issues presented in appellant's brief.

The judgment is reversed and the cause is remanded for error in the admission of evidence. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.