STATE of Missouri, Respondent,

v.

Maurice Winterten CLARK, Appellant.

No. 47039.

Supreme Court of Missouri,

Division No. 1.

Feb. 8, 1960.

James L. McMullin, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Jerry B. Buxton, Asst. Atty. Gen., for respondent.

HYDE, Presiding Judge.

Defendant was found guilty of robbery in the first degree (Section 560.120, statutory references are to RSMo and V.A.M.S.) and his punishment assessed at 25 years in the penitentiary. The court remitted 15 years of the sentence (see 42 V.A.M.S. Supreme Court Rules, Rule 27.-04) and defendant has appealed from the judgment and sentence of ten years. Defendant has filed no brief so we consider the assignments properly made in his motion for new trial. State v. Stehlin, Mo. Sup., 312 S.W.2d 838.

■ Defendant's assignments (1, 2, 5, 10 and 11) require determination of whether there was sufficient evidence to support the verdict on his claim that he was entitled to a directed verdict. In determining this issue, "we consider as true the evidence favorable to the State and the favorable inferences reasonably to be drawn therefrom; and evidence to the contrary is rejected." State v. Stehlin, supra, 312 S.W.2d loc. cit. 839, and cases cited. Defendant's claim of being entitled to a directed verdict seems mainly based on his contention that the witnesses could not positively identify him.

■ The State's evidence (Mrs. Leallian Williams and Gerald Ellis) was that on December 11, 1957, Mrs. Williams was in charge of a Velvet Freeze ice cream store in Kansas City, Missouri, as manager; that Gerald Ellis, supervisor for the company, was in the store about 4:30 P.M. to collect the day's receipts, when two men came in, one of whom they both said was defendant; and that defendant's companion held a gun and said "this is a stick-up." Mrs. Williams and Ellis were forced to go in the back room and lie on the floor while the men took money from the cash register and from the brief case in which Ellis had his collections. Mrs. Williams pointed out defendant at the trial as one of the two men who held up her store and said she was positive that he was one of them. On cross-examination, she said defendant held the collar of his overcoat partly over his face and she estimated his height (incorrectly) and weight, said he had blue eyes, also saying she was basing her identification on the man's nose, most; and again stated that she was positive defendant was the man. Ellis also pointed out defendant at the trial as one of the two men who held him up at the store. He said: "I just more or less fixed my gaze on his facial features and his build, which I couldn't forget." On cross-examination he also mentioned defendant's light hair and again said he was positive in his identification. He also said defend-

ant put something in his back which he presumed was a gun when he marched him into the back room. Furthermore, the State had a confession signed by defendant, in question and answer form, in which he admitted his participation in the robbery, saying he took the money from the cash register, but stating that only his companion had a gun. Defendant in his testimony (as only defense witness) denied participation in the robbery and said he signed the confession because his wife was pregnant and the officers said they would search the house where they lived and arrest her; and also said they would file an habitual criminal charge against him if he did not sign. This was denied by the officers, one of whom also said defendant talked to his wife at the Detective Bureau before he made the statement. On these facts, it is obvious that the State made a case for the jury and that defendant's claim of insufficient identification is without merit. See State v. Hawkins, Mo.Sup., 165 S.W.2d 644, 646; State v. Saussele, Mo.Sup., 265 S.W.2d 290, 297; State v. Andrews, Mo.Sup., 309 S.W.2d 626, 628; and State v. Turner, Mo.Sup., 320 S.W.2d 579, 584. Defendant's denial and the accuracy and credibility of the witnesses making the identifications were jury issues.

■ Assignments 8 and 9 (verdict against weight of the evidence, etc., and the result of bias and prejudice) are too general to preserve anything for appellate review under the requirements of our Rule 27.20. Assignment 3 claimed error in allowing the information to be amended to state the amount taken from Mrs. Williams was $55 instead of $193, as originally alleged. The only ground of objection stated was "the State has already closed its case," although no evidence had yet been offered by defendant. The evidence showed that only $55 had been taken from the cash register, which was the only money in the possession of Mrs. Williams. (The rest of the money was taken from Ellis and the information did

not charge robbery from him.) Therefore, this amendment was proper under Rule 24.-02 and this assignment is without merit.

■ Assignments 4 and 7 concern cross-examination of defendant. No. 4 concerned questions about his employer operating an after-hours tavern and other activities, including suggesting the robbery. However, no objections were made to any of these questions, except two which were sustained, and there were no motions to strike nor any other action requested. No. 7 concerned questions about a confession by defendant's companion Cummings, who had been named by defendant in his confession. On cross-examination, defendant said Cummings was a friend of his but he could not recognize his signature; and also said the statement he signed was not true but had been prepared from a statement made by Cummings. Here again there was no objection, motion to strike or other action requested that was refused. Defendant's counsel did ask the prosecutor if he was offering the Cummings' statement in evidence and upon receiving an affirmative answer, objected and his objection was sustained. Therefore, nothing has been preserved for appellate review concerning these parts of the cross-examination.

■ Assignment 6 was for allowing a police officer to state they were holding defendant for another robbery. Apparently this refers to the answer of the officer to an inquiry as to whether he had any other conversation with defendant (after the confession). The officer told of one conversation about the large amount defendant had expected to get from the robbery, and then volunteered "and at the arraignment he protested because he was charged with two robberies instead of one." Defendant's counsel asked for a mistrial. However, the State's evidence and defendant's confession did show a robbery of two people at the same place and a separate taking of money from each. (De-

fendant's confession said he took the money from the cash register and the billfold from Ellis.) Under these circumstances, we find no abuse of discretion in the trial court's refusal to declare a mistrial because of this unresponsive additional statement of the witness. See State v. Taylor, Mo.Sup., 324 S.W.2d 643, 647; State v. Wynne, 353 Mo. 276, 182 S.W.2d 294, 296; State v. Bolle, Mo.Sup., 201 S.W.2d 158, 160; State v. Egan, Mo.App., 272 S.W.2d 719, 727.

■ We likewise find no merit in the remaining assignments 12, 13 and 14. No. 12 was that the court failed to admonish the jury not to discuss the case during recesses and when allowed to go home at night. However, the record shows sufficient instructions to the jury against discussing the case among themselves or with anyone else, at what seems to have been the first recess; and when the jury was allowed to go home at the end of the first day, they were warned to remember their instructions. The trial apparently was completed on the second day. Assignments 13 and 14 were based on a juror taking notes during the trial. We find nothing in the record about this although the statement in the motion for new trial indicates knowledge of defendant's counsel about it. Apparently the most complete discussion of this matter in a Missouri case is in State v. Robinson, 117 Mo. 649, 23 S.W. 1066, in which the judgment was not disturbed on that ground, but instead was affirmed. In any event, as we have often said, allegations of a motion for new trial do not prove themselves.

We have examined the record as required by Rule 28.02, the punishment was within the authorized limits of Section 560.135; and we find no error respecting the sufficiency of the information, verdict, judgment and sentence.

The judgment is affirmed.

All concur.