**STATE of Missouri, Respondent,**

v.

**Richard Eugene SUMMERS, Appellant.**

**No. 49237.**

Supreme Court of Missouri,

Division No. 2.

Dec. 11, 1962.

Peter J. J. Rabbitt, Clayton, for appellant.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Asst. Atty. Gen., Jefferson City, for respondent.

## STORCKMAN, Judge.

The defendant was convicted of burglary and stealing. The jury assessed his punishment at two years' imprisonment on each of the two convictions. The court ordered the terms to run concurrently and sentenced the defendant to two years in the custody of the Department of Corrections. The defendant has appealed.

The defendant was represented by counsel in the circuit court, but he is not represented here and has filed no brief. Therefore, the case is before us on the transcript of the record and the brief of the state. In this situation, our review will be of the assignments of error properly preserved in the defendant's motion for a new trial and designated portions of the record.

S.Ct. Rules 27.20 and 28.02, V.A.M.R.; State v. Slicker, Mo., 342 S.W.2d 946, 947 [1]. The principal grounds for new trial alleged in the defendant's motion are that the trial court erred in the admission of certain evidence, that the trial court erred in refusing to direct a verdict of acquittal because the state failed to prove a prima facie case, and that the verdict did not represent a fair expression of the opinion of the jurors because the jury was required to deliberate an unreasonably long time under the existing circumstances.

The offenses charged are that on the night of June 10, 1960, the defendant forcibly entered a farm shed belonging to Wilbur Hoffman near Rhineland in Montgomery County and stole twenty gallons of gasoline worth approximately $6.00 belonging to Mr. Hoffman. On the night of June 13, 1960, a deputy sheriff lay in wait at a place that was a likely prospect for a gasoline thief. The defendant appeared and was questioned. On the representation of the deputy sheriff that he would get a search warrant, the defendant opened the trunk of his car revealing two empty 5-gallon gasoline cans, two tires, and a length of hose. The defendant was arrested and taken to Montgomery County Jail where later in the day he orally admitted participating with his cousin, Donald Lotshaw, in a burglary and theft on the night of June 10, 1960. Lotshaw pleaded guilty to a charge of burglary and theft of gasoline from the Hoffman shed and was paroled. The defendant Summers stood trial.

Lotshaw testified on behalf of the state that he and the defendant, each in his own automobile, went to a farm on Highway 94 near Rhineland; that he, Lotshaw, broke the hasp from the shed door with a tire tool, and that he and the defendant each took two of the four cans of gasoline that were in the shed and carried them away in their automobiles. The sheriff of Montgomery County and a deputy sheriff also testified on behalf of the state. The defendant did not take the stand or offer any evidence in his behalf. The evidence will be

referred to further in connection with the questions presented.

◼ The general allegation that the verdict is contrary to the law of the state fails to set forth in detail and with particularity the specific ground or cause for which a new trial is requested and preserves nothing for appellate review. S.Ct. Rule 27.20, V.A.M.R.; State v. Roberts, Mo., 332 S.W. 2d 896, 898 [3]; State v. Daegele, Mo., 302 S.W.2d 20, 22 [2]; State v. Gaddy, Mo., 261 S.W.2d 65, 67 [3].

◼◼ The motion for new trial further alleges there was a failure of proof in that there was no evidence as to the value of the property stolen. Deputy Sheriff Brongel testified without objection that the value of gasoline at the time in question was "about twenty-nine or thirty cents a gallon". Furthermore, gasoline is known to have some value and the amount of the value of property stolen in connection with a burglary is not a material factor in the case. Section 560.110 RSMo 1959, V.A.M.S.; State v. Ruyle, Mo., 318 S.W.2d 218, 221 [5].

◼◼ The defendant also contends that the court erred in admitting into evidence a gasoline can because there was no evidence connecting the can with the property allegedly stolen and "no chain of custody was shown". The sheriff of Montgomery County testified the gasoline can, state's exhibit 1, had been brought to his office and that the defendant Summers told the sheriff that it was one of the cans taken from Wilbur Hoffman's shed. When the can was offered in evidence, defendant's counsel in response to an inquiry by the court stated, "No objection." Thereupon the court stated, "The exhibit will be admitted, without objection". Since the objection to the admission of the gasoline can in evidence was first raised in the motion for new trial, it comes too late and does not properly preserve the question for review. State v. Leonard, Mo., 182 S.W.2d 548, 550 [2]; State v. Rector, 328 Mo. 669, 40 S.W.2d 639, 643 [6]; State v. Koch, 322

Mo. 106, 16 S.W.2d 205, 210 [2]. Nevertheless, the exhibit was sufficiently identified if it was otherwise admissible.

Another assignment of error is that the verdict was rendered by means other than a fair expression of the opinion of all the jurors in that the temperature on the day and night of trial was 90 degrees or more and the courtroom and jury room were not air-conditioned; that after nearly five hours of deliberation the jury reported it was unable to reach a verdict but was instructed to keep trying; that after another hour the jury again reported it was unable to reach a verdict but was further instructed to keep trying, and in another fifteen or twenty minutes of confinement the verdict was reached; that when the verdict was announced the jurors were obviously physically and mentally exhausted and some of the women jurors appeared to have been crying and were on the verge of hysteria. These allegations of the motion for new trial do not prove themselves. State v. Clark, Mo., 331 S.W.2d 588, 591 [8]. In large part they are not supported by any proof in the transcript.

The record does show that the jury commenced its deliberations about 3:15 or 3:20 p. m. and with the exception of a short interval when they made an inquiry of the court they continued their deliberations until 6:10 p. m. when they were taken to supper. They resumed their deliberations about 7:15 or 7:20 and continued until 8 p. m. when they were called into the courtroom and told by the court of the desirability of their reaching a verdict and the reasons therefor. After the jury again retired the court announced to counsel that his statement to the jury had followed as nearly as possible the statement made and approved in State v. Roberts, Mo., 272 S.W. 2d 190, 192. The record does not show how much longer the jury deliberated before returning its verdict. The only information we have on the subject is the statement in the motion for new trial that it was an additional fifteen or twenty minutes. The defendant made no objection during the

deliberations of the jury or at any time prior to the filing of his motion for new trial.

 Since there is no proof in the record of the atmospheric or other conditions in the court and jury room, or of the mental and physical condition of the jurors, such matters cannot be considered on appeal in connection with the specification of error. State v. Livers, Mo., 340 S.W.2d 21, 25 [4].

All that appears from the record is that the jury deliberated an overall period of about five hours with approximately one hour out for supper and that on two occasions the court told the members of the jury that they should continue trying to reach a verdict without indicating that any particular kind of verdict should be rendered. The court's statement to the jury is not attacked as being unfair or improper as to its content.

 The length of time that a jury is permitted or required to deliberate is a matter very largely within the discretion of the trial court. State v. Hampton, Mo., 317 S.W.2d 348, 353 [4]; State v. Burton, 355 Mo. 792, 198 S.W.2d 19, 22 [7]; State v. Shelby, 333 Mo. 610, 62 S.W.2d 721, 726 [8]. In the circumstances shown by the record, we cannot say that the court abused its discretion. See State v. Herring, Mo., 92 S.W.2d 132, 134 [11]; State v. Shawley, 334 Mo. 352, 67 S.W.2d 74, 90 [40]; and State v. Rose, 142 Mo. 418, 44 S.W. 329, 332 [5].

During the testimony of Donald Lotshaw, the state's first witness, he was asked by the prosecuting attorney if he and the defendant "had been on a spree, a series of these acts" and "engaged in a series of these gasoline thefts in the south part of the county". The defendant's first objection was sustained whereupon the prosecuting attorney presented his theory as to the admissibility of the evidence and the court explained its ruling out of the hearing of the jury as follows:

"MR. OLIVER: If Your Honor please, I think it's admissible to show a series of events and actions, a series of thefts, because it was a part of the res gestae and also because it is cumulative evidence to show the nature of the activity of the defendant during this period in question.

"THE COURT: That may or may not be true but the form of the question is not the proper way to show it. It may have overburdens. The objection is sustained."

Immediately thereafter, the witness was again asked if he and the defendant had stolen gasoline at other places during the period of four or five days before his arrest and, over the defendant's objection, was permitted to answer: "Three or four different places, to my knowledge."

Richard Brongel, a part-time deputy sheriff serving without compensation, was also permitted to testify regarding other offenses. He testified in effect that prior to June 13 he had "received complaints from people in the neighborhood around Rhineland about thefts of gasoline" and that he "investigated this shed that Wilbur Hoffman had gas taken from and investigated other areas of the community which had had gasoline taken from them." The sheriff, Clarence Landrum, in his testimony, volunteered the statement: "We was having a lot of gas stealing right about that time." The prosecuting attorney then interrogated the sheriff as to the defendant's being implicated "in a series of gasoline thefts". The defendant's objection that the "other occasions are not relevant and material to the issues in this trial" was sustained as to the form of the question, the court stating: "The objection will be sustained to the form of that question for the reasons I have heretofore given." Thereupon the prosecuting attorney asked several leading questions, some of them calling for conclusions of the witness to the effect that the defendant had admitted a series of thefts of gasoline "in the neighborhood of five or ten days time". On cross-examination, the sheriff injected

a statement that once before he had talked to the defendant about "a $75.00 check that was passed in McKittrick" on some of the defendant's "kin people". He further volunteered that while the defendant was in custody the sheriff of Gasconade County came over and talked to him.

The defendant was charged with breaking and entering "a building belonging to one Wilbur Hoffman" and stealing twenty gallons of gasoline of the reasonable value of $6.00, "the personal property of the said Wilbur Hoffman". Obviously the other offenses referred to were not and could not have been a part of the res gestae as urged by the state's attorney. The other part of the state's theory was that a series of events, actions or thefts could be shown "because it is cumulative evidence".

 The evidence of other offenses was not admissible on the theory relied on by the state or for any other reason apparent from the record. The well-established general rule is that proof of the commission of other crimes by the defendant is not admissible unless such proof tends to establish the charge for which he is on trial, even though the other crimes were of the same general nature and committed at about the same time and place. State v. Garrison, 342 Mo. 453, 116 S.W.2d 23, 24 [3]. There was no contention that the evidence was within any of the exceptions stated in the Garrison case, such as intent or knowledge. See also State v. Ingram, Mo., 286 S.W.2d 733, 736 [4, 5].

The evidence concerning other thefts of gasoline committed in the same general neighborhood at about the same time as the offense charged was not competent for any purpose and constituted prejudicial error. State v. Whitener, 329 Mo. 838, 46 S.W.2d 579, 581 [1]; State v. Priesmeyer, 327 Mo. 335, 37 S.W.2d 425, 427 [5]; State v. Irvin, 324 Mo. 217, 22 S.W.2d 772, 773 [1]; State v. Dixon, Mo., 253 S.W. 746, 748 [8].

 Since the case must be reversed and remanded because of prejudicial error noted above, we need not decide the contention that the state failed to prove a prima facie case, but in view of a probable retrial it might be well to examine the shortcomings of the evidence relating to proof of the corpus delicti. This deficiency results largely from the fact that Wilbur Hoffman, the alleged victim of the burglary and theft, was not tendered as a witness. No explanation of his absence was made. The state seemed to consider ownership of the shed and gasoline, and the fact that a burglary and theft had been committed, to be so well known as not to require strict proof. But the corpus delicti cannot be presumed and must be proved by legal evidence sufficient to show that the specific crime charged has actually been committed by someone. 23 C.J.S. Criminal Law § 916(2), p. 626; State v. Gorden, 356 Mo. 1010, 204 S.W.2d 713, 715 [4, 5]; State v. Hawkins, Mo., 165 S.W.2d 644, 646 [5–8].

 Unless there is independent proof, either circumstantial or direct, of the essential elements of the corpus delicti, extrajudicial admissions, statements or confessions of the accused are not admissible in evidence, and where improperly admitted are insufficient to sustain a conviction. State v. Cooper, 358 Mo. 269, 214 S.W.2d 19, 20 [2, 3]; State v. Bennett, Mo., 6 S.W. 2d 881, 882 [2]; City of St. Louis v. Watters, Mo.App., 289 S.W.2d 444, 446 [6].

The testimony of the accomplice Lotshaw tended to show that he and the defendant forcibly entered an old shed and carried away four 5-gallon cans of gasoline, but the testimony falls short of proving whose shed it was and to whom the gasoline belonged. He specifically stated that he did not know whose property it was. Richard Brongel, the part-time deputy sheriff, testified that he "investigated this shed that Wilbur Hoffman had gas taken from" and that he arrested the defendant and heard his admissions, but Brongel's testimony adds little, if any, independent proof of the essential elements of the corpus delicti. Sheriff Clarence Landrum testified that he

received a call from Wilbur Hoffman, the nature of which was that "somebody had broke into his shed out at his farm in the bottom where he keeps his machinery and his gas"; and that he, the sheriff, went down and saw that the hasp had been pried off of the shed. The sheriff further testified that Mr. Hoffman told him that "there was four gasoline cans, five gallon cans, full of gas" missing. This, of course, is hearsay evidence, but it was not objected to.

 It has been held that where hearsay evidence is not objected to, it is in the case and has some probative value. State v. Willis, Mo., 283 S.W.2d 534, 537 [2]. Also the defendant's constitutional right to meet the witnesses against him face to face has been held to be a personal privilege which the defendant may waive. Art. I, § 18(a), Constitution of Missouri 1945, V.A.M.S.; State v. Harmon, Mo., 243 S.W.2d 326, 328 [2]; State v. Logan, 344 Mo. 351, 126 S.W.2d 256, 259 [5], 122 A.L.R. 417; State v. Wagner, 78 Mo. 644, 648. On the other hand, hearsay statements of the prosecuting witness are not admissible over proper objection. State v. Gorden, 356 Mo. 1010, 204 S.W.2d 713, 715 [3]; State v. Stillman, Mo., 301 S.W.2d 830, 833–834 [4]; State v. Chernick, Mo., 278 S.W.2d 741, 747–748 [4, 5]; State v. Gallina, 352 Mo. 557, 178 S.W.2d 433, 434 [2].

Furthermore, some of the hearsay testimony has the appearance of being conclusions of the witness and of doubtful evidentiary value. With all the favorable inferences to which the state's evidence is entitled, the record presents at best a borderline case on proof of the corpus delicti. This is especially true with regard to the ownership of the gasoline and the charge of theft. But under the circumstances it is not necessary to pass on its sufficiency and we do not do so.

Likewise, it is unnecessary to pass on defendant's complaint that the court erred in instructing the jury in response to an inquiry as to whether burglary and stealing were offenses requiring the assessment of separate punishments. This matter is not likely to recur at another trial.

The judgment is reversed and the cause remanded.

All of the Judges concur.