STATE of Missouri, Respondent,

v.

Gilbert MADISON, Appellant.

No. 53945.

Supreme Court of Missouri,

Division No. 2.

Nov. 9, 1970.

John C. Danforth, Atty. Gen., Frank P. Cihlar, Asst. Atty. Gen., Jefferson City, for respondent.

Alfred I. Harris, St. Louis, for appellant.

DONNELLY, Presiding Judge.

Appellant, Gilbert Madison, was convicted of robbery in the first degree by means of a dangerous and deadly weapon under V.A.M.S. §§ 560.120 and 560.135, by a jury in the Circuit Court of the City of St. Louis, and his punishment was assessed at imprisonment in the State Department of Corrections for a term of ninety-nine years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

On November 8, 1968, two men entered Usselman's Market, 1 North Spring Street, St. Louis, carrying a shotgun and pistol, shot a customer with the pistol, shot Gilbert Usselman with the shotgun, took $250 from the cash register, and left the store.

Witness William F. Southard, an employee at Usselman's Market, identified appellant at trial as the man who shot Gilbert Usselman with the shotgun.

Witness Gilbert Usselman identified appellant at trial as the man who shot him with the shotgun.

Appellant first questions the sufficiency of the evidence. We find the evidence sufficient to sustain the conviction.

Appellant next complains of the admission into evidence of items of appellant's clothing found by the police in the apartment of Eliza Ann Fox at 2921a East Adelaide, St. Louis, Missouri. Appellant contends such evidence was obtained by means of an unlawful search and seizure.

In State v. Harrington, Mo.Sup., 435 S. W.2d 318, at 320, this Court said: "It has long been the rule in this state that evidence obtained by means of an unlawful search and seizure by police officers is not admissible in evidence against the person searched where timely objection to the use of such evidence is made. State v. Cuezze, Mo., 249 S.W.2d 373; State v. Holt, Mo., 415 S.W.2d 761. The procedural rules of this state, with an exception not here material, require that the contention of an unlawful search and seizure be made by motion to suppress the evidence in advance of trial. State v. Lord, Mo., 286 S.W.2d 737; State v. O'Brien, Mo., 252 S.W.2d 357, certiorari denied, 345 U.S. 929, 73 S.Ct. 790, 97 L.Ed. 1359; State v. Garrison, Mo., 305 S.W.2d 447; State v. Holt, supra. The validity of a search and the admissibility in evidence of the fruits of that search present issues collateral to the issue of guilt which are to be tried independently. State v. Dalton, Mo., 23 S.W.2d 1. 'Not only must defendant file a motion to suppress the controverted evidence, but he [has] the burden of presenting evidence to sustain his contentions.' State v. Holt, supra, 415 S.W.2d at p. 764; Supreme Court Rule 33.03(a) (5), V.A.M.R.; State v. Jonas, Mo., 260 S.W.2d 3. The only exception under our procedural rule is where the defendant 'had no reason to anticipate the evidence would be introduced and was surprised.' State v. O'Brien, supra, 252 S.W.2d at p. 359."

In State v. Fields, Mo.Sup., 442 S.W.2d 30, this Court held that Missouri's requirement that objections to the introduction of evidence claimed to have been obtained by an unlawful search and seizure

be presented by a motion to suppress in advance of trial is permissible under the rule set forth in Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408. Appellant filed no motion to suppress in advance of trial. He does not assert he was surprised with the evidence of which he complains. His contention is denied. State v. Caffey, Mo.Sup., 457 S.W.2d 657 (decided September 14, 1970).

■■ Appellant next contends the trial court erred in admitting into evidence, through the testimony of Officer Rodger Baldwin, certain admissions made by appellant to Eliza Ann Fox in telephone conversations. According to the evidence, the telephone calls were made by appellant to Eliza Ann Fox at her apartment. She talked with appellant from a telephone in the bedroom of her apartment. Officer Baldwin, with the consent of Eliza Ann Fox, listened in on a regularly used extension phone in the kitchen. At trial, Eliza Ann Fox identified the caller, whose admissions were related by Officer Baldwin, as appellant. She had "spoken to him on the telephone * * * plenty of times." Cf. State v. Berezuk, 331 Mo. 626, 633, 55 S.W.2d 949, 952.

In Lee v. Florida, 392 U.S. 378, 88 S.Ct. 2096, 20 L.Ed.2d 1166, "the United States Supreme Court held that recordings of illegally intercepted telephone conversations are not admissible in *state* courts * * *." Spica v. State, Mo.Sup., 457 S.W.2d 683 (decided September 14, 1970). However, appellant's contention is without merit because: (1) the telephone conversations related by Officer Baldwin were not *illegally* intercepted (Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134); and (2) in any event, "the exclusionary rule announced in Lee, supra, is to be applied only to trials in which the evidence is sought to be introduced after June 17, 1968." Spica v. State, supra. The trial in this case was concluded April 24, 1968.

■■ Appellant next contends the trial court erred in allowing witnesses Eliza Ann Fox and Rodger Baldwin to testify as to admissions made by appellant before the corpus delicti was established. It is well-established "that a confession should be corroborated by independent proof of the corpus delicti before it constitutes evidence of guilt." State v. Gorden, 356 Mo. 1010, 1014, 204 S.W.2d 713, 715. However, "it is not essential that the independent proof of the corpus delicti come first in the order of proof." State v. Deyo, Mo.Sup., 358 S.W.2d 816, 819. The trial court has a discretion as to the order of proof and we will reverse only if we find an abuse of that discretion. We find no abuse of discretion and no prejudicial error in this case. State v. Thomas, Mo.Sup., 393 S.W.2d 533, 537. Appellant's contention is without merit.

Appellant finally contends the trial court erred in overruling his objections to alleged "conclusions and hearsay evidence." We have reviewed the transcript on appeal and find no prejudicial error.

The judgment is affirmed.

All of the Judges concur.