## In re YEE GEE.

(District Court, D. Washington, N. D. October 19, 1897.)

**1. OFFER TO BRIBE OFFICER—INTERPRETER OF CHINESE LANGUAGE.**
An interpreter of the Chinese language, appointed by the secretary of the treasury, is not acting within the scope of his official duty under such appointment while serving as interpreter of such language at a hearing of a criminal charge before the United States commissioner, within the meaning of Rev. St. § 5451, making it a criminal offense to offer to bribe any person acting for or on behalf of the United States in any official function.

**2. SAME—CONTEMPLATED EXERCISE OF OFFICIAL FUNCTION.**
An offer made to a person in contemplation of a mere probability that he may be called to perform official functions, and intended to influence his conduct in the performance of such functions if he shall be so called, does not violate Rev. St. § 5451, making it a criminal offense to offer to bribe a person exercising any official function, with intent to influence his action in his official capacity.

This was a proceeding in habeas corpus in behalf of one Yee Gee, who was committed to await the action of the grand jury on a charge of offering to bribe, etc.

Ballinger, Ronald & Battle and Thomas Burke, for petitioner.
Wm. H. Brinker, U. S. Atty., for respondent.

HANFORD, District Judge. The petitioner having been committed, in default of bail, to await the action of the grand jury upon a charge made against him of violating section 5451, Rev. St., he now seeks to be discharged on the ground that the facts alleged in the sworn complaint filed against him, and shown by the testimony for the prosecution, do not constitute an offense for which he can be punished under the laws of the United States. The testimony taken before the United States commissioner at the preliminary examination of the petitioner tends to prove that he offered to bribe one J. E. Gardner to secure from him a translation favorable to the petitioner of certain Chinese letters and documents, which he expected would be offered in evidence at a hearing to take place before the said United States commissioner of a criminal charge then pending against the petitioner, and which letters and documents were supposed to contain evidence material to be considered upon said hearing; the said J. E. Gardner being competent to translate from the Chinese to the English language, and holding at the time an appointment from the secretary of the treasury as an interpreter of the Chinese language for an indefinite term, and with fixed compensation, provided to be paid from the treasury of the United States, pursuant to appropriations for the purpose made by acts of congress. Section 5451, Rev. St., makes it an offense for any person to promise, offer, give, or cause or procure to be promised, offered, or given, any money or other thing of value, or to make or tender any contract * * * for the payment of money * * * to any officer of the United States, or to any person acting for or on behalf of the United States, in any official function, under or by authority of any department or office of the government thereof, * * * with intent to

83 F.—10

influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may be brought before him in his official capacity, or in his place of trust or profit, or with intent to influence him to commit, or aid in committing, or to collude in or allow any fraud, or make opportunity for the commission of any fraud on the United States, or to induce him to aid, do, or omit to do, any act in violation of his lawful duty.

To make out a case under this section, it is necessary for the prosecution to prove: (a) An offer to bribe; (b) that such corrupt offer was made to an officer of the United States, or a person at the time acting for or on behalf of the United States in an official function; (c) that the offer was made to influence the officer or person in the doing of some act or performance of some duty in his official capacity. For the sake of brevity, and to bring the case within the narrowest compass, I will assume that elements (a) and (b) are shown by sufficient evidence to make a prima facie case. It remains then to be determined whether, in serving as an interpreter of the Chinese language at the hearing of a criminal case before a United States commissioner, Mr. Gardner can be regarded as acting within the scope of his official duty under the appointment which he holds from the secretary of the treasury. The letter of appointment does not define nor prescribe his duties, except in this: that he is directed to report for duty to the supervising special agent of the treasury department; nor do the statutes of the United States prescribe the duties of a Chinese interpreter. The most that can be inferred from the appointment and the appropriation acts providing for the payment of Chinese interpreters is that the persons holding such appointments are to assist the agents of the treasury department and customs officers by interpreting and translating from the Chinese to the English language and from English to Chinese. The secretary of the treasury has no authority to select interpreters to assist the courts in judicial proceedings, and it would be expanding the scope of Mr. Gardner's official functions too far to assume that his appointment constitutes him an officer of the United States, whose translation of a Chinese document could be received in a judicial proceeding as authentic, by reason of the official character of the translator, or that in making a translation of the testimony or papers to be used at a hearing before a United States commissioner he would be acting in the discharge of his official duty under said appointment. He could not be accepted as an interpreter at the hearing of Yee Gee's case without the approval and authorization of the commissioner presiding at the hearing. Therefore, if, in acting as an interpreter at such hearing, he may be regarded as performing in any sense an official function, his official character would be derived from his appointment or designation to act in that capacity by the commissioner, and not from his general appointment from the secretary of the treasury. It is my opinion that the offer to bribe, alleged to have been made by Yee Gee, does not amount to a completed offense, within the provisions of section 5451, for the reason that it was not intended to influence Mr. Gardner in the manner of performing his duty under his appointment from the secretary of the treasury, and he had not at that time

been appointed or designated by the commissioner to serve as an interpreter at the contemplated hearing, and held no relation to the government by reason of any appointment to act as an interpreter in any judicial proceeding. An offer made to a person in contemplation of a mere probability that he may be called to perform official functions, and intended to influence his conduct in performance of such functions if he shall be so called, does not violate this statute. An order will be entered directing that the petitioner be discharged.