## THE STATE v. ROY ADAMS, Appellant.

Division Two, June 5, 1925.

1. **BRIBERY: Of City Officer: Dependent Upon Ordinance: Insufficient Indictment: Omission of Word Prohibiting.** In an indictment charging a felony nothing can be left to intendment, and inferences cannot be employed to supply essential averments. Appellant was indicted for bribing the chief of police of a city under the statute (Sec. 3177, R. S. 1919) defining the offense of bribing a state, county or municipal officer, and the charge was that money was paid by defendant to the officer for permission to set up and conduct and for protection in keeping a gambling house. There was a statute (Sec. 3541, R. S. 1919) which limited the prohibitive supervision over gambling houses to officers who derive their power from state laws, and to bring the chief of police within its purview it was necessary to allege and prove that the city had enacted an ordinance prohibiting the offense, and that it was his official duty to enforce such ordinance. The indictment charged that there were in force in the city "laws and ordinances providing for good government, peace and order of said city and common gaming and gambling houses and tables and instruments used for gaming and gambling"—omitting the word "prohibiting" just before the words "common gaming." *Held,* that the gravamen of the offense is dependent upon the existence of the ordinance prohibiting gaming and gambling houses, and the omission of the word "prohibiting" rendered the indictment insufficient as a charge of the crime of bribery.

2. ———: **Insufficient Evidence: Extrajudicial Confession: Corpus Delicti: Uncorroborated.** Extra-judicial confessions of the accused, supplemented by no corroborate evidence, will not sustain a conviction. Testimony by numerous witnesses that the defendant had declared to them that he had given money to the chief of police to induce him not to molest defendant in setting up and keeping a gambling house will not alone support a verdict finding defendant guilty of the crime of bribing the officer.

3. ———: **Declarations of Other Officers: Uncorroborated: Withdrawal.** Testimony of two police officers that the chief of police had given each of them twenty dollars, to one of whom he said the defendant "sent you this," is not corroborative of the declarations of the defendant that he gave to the chief five hundred dollars to protect

him in settting up and keeping a gambling house, and should be withdrawn from the jury by instructions.

4. ————: Conspiracy: Instruction. An instruction hypothesizing a conspiracy of which there is no substantial evidence is erroneous.

Citations to Headnotes: Headnote 1: Indictments and Informations, 31 C. J. secs. 178, 257. Headnote 2: Criminal Law, 16 C. J., sec. 1514. Headnote 3: Criminal Law, 16 C. J. sec. 1514. Headnote 4: Criminal Law, 17 C. J. sec. 3690.

Appeal from Randolph Circuit Court.—*Hon. A. W. Walker,* Judge.

REVERSED AND REMANDED.

*J. H. Whitecotton* for appellant.

(1) The indictment does not state facts sufficient to constitute any crime. The language of the indictment is uncertain and indefinite as to what act of the marshal, or what duty the marshal owed to the public, was to be neglected or omitted, whether it was a permission to set. up and operate gambling devices and run a gambling house or whether it was to induce him to neglect his official duty in the permitting the same to be operated. State v. Mysenburg, 171 Mo. 25; State v. Kesslering, 12 Mo. 565; State v. Davis, 70 Mo. 467; 5 Cyc. 1042. (2) The court erred in overruling the defendant's objection to the testimony of Carroll and Hughes, as to receiving money from Mize, being incompetent upon any theory of the case and for any purpose in the case, and greatly prejudicial to the defendant, and made out of his presence. (3) The court erred in refusing to give the instruction in the nature of a demurrer asked by the defendant at the close of all the testimony in the case directing a verdict of acquittal. (a) This instruction should have been given for the reason that there is no direct testimony in the record that any offense was committed, and especially the offense attempted to be charged in the indictment, and it cannot be reasonably inferred from the facts and

circumstances in evidence that any offense was committed by the defendant. State v. Gow, 235 Mo. 325. (b) Testimony of a confession of the crime charged made out of court by the accused must be supported by independent proof of the *corpus delicti;* that is, by proof that a crime was in fact committed. Such testimony is not found in this case. State v. Young, 237 Mo. 177; 12 Cyc. 483. (c) It is only upon substantial evidence and not mere circumstantial suspicion that charge of crime can be sustained. State v. Walker, 98 Mo. 95. (4) There is no proof that the city of Moberly had in force any ordinance leveled against "gambling and the setting up of gaming and gambling houses, in the city of Moberly."

*Robert W. Olto,* Attorney-General, and *W. L. Vandeventer,* Assistant Attorney-General, for respondent.

(1) The court committed error in overruling defendant's instruction in the nature of a demurrer. There was not sufficient evidence, outside of the extra-judicial confessions of the defendant, to establish the *corpus delicti.* State v. Herman, 54 Mo. 526; State v. Young, 237 Mo. 170; State v. Scott, 39 Mo. 424; State v. Mullinix, 301 Mo. 385; State v. Knolle, 90 Mo. App. 238; State v. Jones, 106 Mo. 302; State v. Bowman, 294 Mo. 245; State v. Wheaton, 221 S. W. 28; State v. Gatewood, 264 S. W. 43. (2) Circuit courts will not take judicial notice of city ordinances; they must be introduced and proved. This was not done. St. Louis v. Ameln, 235 Mo. 669; St. Louis v. Ringold, 235 Mo. 472; City of Tarkio v. Loyd, 179 Mo. 605; St. Louis v. Liessing, 190 Mo. 464; St. Louis v. Roche, 128 Mo. 541; St. Louis v. Bippen, 201 Mo. 528; St. Louis v. Young, 248 Mo. 346. (3) Where a conspiracy to do an unlawful act is shown by the evidence, a statement made by one of the parties to the conspiracy during the time of its existence and bearing upon its object and purpose, whether stated in the presence of other conspirators or not, is admissible as evidence against all. But the conspiracy must be first

established.    State v. Shields, 296 Mo. 389; State v.
Bobbitt, 228 Mo. 252; State v. Bersch, 276 Mo. 414; State
v. Fields, 234 Mo. 615. (4)    The weight of authority is
that one accepting a bribe is not an accomplice of the one
giving the bribe.    People v. Ruef, 14 Cal. App. 576;
State v. Durnam, 73 Minn. 150; State v. Quinlan, 40
Minn. 55; State v. Wappenstein, 67 Wash. 502.    But
there are cases to the contrary.    People v. Winant, 24
Misc. 361, 53 N. Y. Supp. 695; Egan v. United States,
287 Fed. 958.    (5)    Giving a bribe and accepting a
bribe are two distinct offenses defined by separate sec-
tions of the statute.    Secs. 3177, 3178, R. S. 1919.    (6)
The indictment is inconsistent in its provisions and
alleges that the ordinance upholds, instead of condemns,
gambling.

WALKER, P. J.—The appellant was indicted in
the Circuit Court of Randolph County for bribery. Up-
on a trial to a jury he was found guilty and his punish-
ment assessed at three years' imprisonment in the pen-
itentiary.    From this judgment he appeals.

In September, 1921, the appellant conducted a soft-
drink parlor in the city of Moberly.    Witnesses for the
State testified that he told them that he had paid Jerry
Mize, the chief of police of the city of Moberly, five hun-
dred dollars, for which Mize was to permit him to run a
gambling house during the week an Elks' convention
was to be held in Moberly, and that Mize had "double-
crossed" him, by which we understand it is meant that
Mize did not comply with the alleged contract for police
protection.    There was testimony by three witnesses that
appellant stated in their presence that Mize was crooked;
that appellant had paid him five hundred dollars to let
him run a gambling house during the week of an Elks'
convention and that Mize, after such understanding,
had come to the appellant and said he wasn't satisfied
and that he wanted more money.    Other witnesses tes-
tified to a like effect, concerning appellant's statements,
except as to the demand for more money.    Two witnesses,

police officers, testified that shortly after the Elks' convention Mize gave each of them twenty dollars; that to one of them he said, "Roy sent you this." The other said when the money was given to him he did not understand it to be a bribe from the appellant to induce him to neglect his official duty. One witness testified that during "Elks' week" poker and crap games were in progress upstairs in a building called "The Green Tree" that one Bennett Clark was running the craps game; that the appellant was "sitting in" the poker game, but he didn't know who was running it. Appellant told him that he was "trying to make some money."

Witnesses for the defense testified that the second story of the Gray Wolf Building, the ground floor of which was occupied by appellant, was not used during "Elks' week." In addition it was stated by certain witnesses that they had heard the conversation between the appellant and a witness named Grimes, and that nothing was said concerning the payment of money by appellant to Mize to insure police protection. Bennett Clark denied that he was operating a craps game during the week of the Elks' convention. A number of witnesses testified as to the good character of Mize, the alleged bribe-taker. He denied having accepted any money from the appellant; and that he never gave either of the witnesses who testified to the contrary any money and told them it was sent to them or either of them by the appellant. The evidence for the defense, as its purport shows, tended more to exculpate Mize than to establish the innocence of the appellant.

I. It is contended that the indictment is insufficient to charge an offense under the statute. It is drawn under Section 3177, Revised Statutes 1919, which defines the offense of bribing a public officer and prescribes the punishment. It may be epitomized as prohibiting the giving of anything of value to a state, county or municipal officer to influence him in the performance of his official duty or to induce him to

**Indictment.**

neglect the performance of same or to perform such duty with partiality, favor or otherwise than as required by law. The crime defined is statutory, and it follows that all facts necessary to constitute the offense as provided therein must be stated with certainty and precision. It does not conform to these requirements. After alleging with unusual prolixity the power possessed and exercised by Moberly, as a city of the third class, to adopt and enforce ordinances for the purposes therein stated, the duties of the chief of police, in this instance Mize, are defined. The indictment then alleges at much length, but with a reasonable reference to the requirements of the statute, the facts in regard to the commission of the crime with which the appellant is charged.

The indictment closes with the usual allegations in charges of this nature, of the felonious intent of the officer in his neglect and omission to perform his official duties "in regard to the ordinance of said city preventing gambling and the setting up of gambling houses therein," etc. Although inartificially drawn it contains perhaps sufficient material allegations to bring it within the purview of the statute, except, that in the allegations as to the adoption and existence under the power of enactment possessed by the city of ordinances, it fails to declare that an ordinance had been adopted or was in force prohibiting the setting up or keeping of a gaming or gambling house as follows: "And there were in force in said city then and there 'laws and ordinances providing for good government, peace, and order of said city and common gaming and gambling houses and tables and instruments used for gaming and gambling within the limits of said city and providing a punishment for the violation of said ordinances."

The specific contention as to the defect in this indictment is the omission, in the third line of the paragraph quoted, between the word "and" and the word "common," of the word "prohibiting."

The crime charged is a felony and an indictment therefor should leave nothing to intendment. While

there is a state statute (Sec. 3541, R. S. 1919) denounc-
ing the setting up or keeping of a common gambling
house, the prohibitive supervision over such places and
the apprehension of those charged with the keeping of
same, is limited to officers who derive their power from
state laws.   A municipal officer was here charged to
have been bribed.   The indictment charges that it was
his duty to cooperate with the executive and legal offi-
cials of the city in the prevention of the setting up and
keeping of common gaming, gambling houses, etc.   But
there is no allegation that the city had adopted and there
was in existence an ordinance prohibiting this offense.
This was a material allegation necessary to the exercise
of the official power or authority the bribe was intended
to neutralize or destroy.   In the absence of such an or-
dinance a city marshal or police officer would be pos-
sessed of no more power in this matter than a private
citizen.

However persuasively other allegations of the in-
dictment may indicate the existence of the ordinance
referred to, inferences cannot be employed to supplant
essential averments in a criminal charge.   This is es-
pecially true where the gravamen of the offense is de-
pendent upon the existence of the ordinance under re-
view and not as to the general legal authority of the
officer or to the validity of the ordinance if the existence
of the same had been pleaded.   It is, therefore, the ab-
sence of the allegation of the authoritative ordinance
which distinguishes this case from others holding to the
contrary.   In short, in the absence of this allegation the
acts of the officer, which it was sought by the bribe to
prevent, were outside of his official functions and the
payment of money to him to prevent their exercise would
not constitute bribery.   United States v. Boyer, 85 Fed.
425; In re Yee Gee, 83 Fed. 145; United States v. Gib-
son, 47 Fed. 833, are cases illustrative of the correctness
of this conclusion.

II.   It is contended that there was no evidence to
sustain a verdict of guilty.   The testimony of the State

consisted of statements by witnesses that the appellant

**Insufficient Evidence.** had declared to them that he had given money to the chief of police, Mize, to induce the latter not to molest him in the setting up and keeping of a gambling house during the week that an Elks' convention was being held in the city of Moberly. Other than this character of testimony there was none. We have repeatedly held that extra-judicial declarations of guilt, supplemented by no corroborative evidence, will not suffice to sustain a conviction. This has been the rule in this State from the earliest adjudicated cases until the present time. [Robinson v. State, 12 Mo. 592; State v. Bowman, 294 Mo. 245.] In the Robinson case Judge RYLAND thus states the rule: "The confessions of a defendant, not made in open court, or on an examination before a committing court, but to an individual, uncorroborated by circumstances, and without proof *aliunde,* that a crime has been committed, will not justify a conviction." In the Bowman case, RAILEY, C., reviews with painstaking care the numerous cases on this subject and in conclusion says, in effect, that the rule laid down by Judge RYLAND, which has been uniformly followed in this State, correctly declares the law which should prevail in cases of this character involving proof of the *corpus delicti.*

The demurrer, therefore, tendered by counsel for the defense to the evidence in the instant case should have been sustained.

III.   The rulings of the trial court in regard to the testimony of the two police officers Carroll and Hughes were evidently made upon the assumption that corroborative evidence would be offered to sustain the declarations of the appellant. In the absence of such proof the jury should have been instructed to disregard this testimony. This was done to a limited extent in the giving of the State's instruction numbered four, concerning the testimony of the officer Hughes.

IV. Instruction Number One, given at the instance of the State and purporting to cover the entire case, was erroneous in assuming the existence of substantial testimony to sustain the charge.

*Instructions.*

The State's Instruction Number Five is correct as an abstract proposition of law. However, it hypothesizes the existence of a conspiracy of which there was no substantial proof and hence is erroneous.

The State's Instruction Number Six as to the probative force of extra-judicial declarations correctly declares the law. The same may be said of the State's Instruction Number Seven.

The State's Instruction Number Eight is a formal declaration of the law, many times approved, concerning the province of the jury in regard to the credibility of the witnesses and the weight to be given their testimony.

The State's Instruction Number Nine in its first paragraph defined the court's duty in declaring the law to the jury and repeated the substance of Instruction Number Eight as to their province concerning the testimony; in its second paragraph it elaborates upon the duty of the jury generally. This instruction is not subject to serious objection. It is questionable, however, in view of the comprehensive character of Instruction Number Eight as to the province and duty of the jury, whether Instruction Number Nine should have been given. Its defect lies in the fact that it is more in the nature of an admonition to the jury than a declaration of the law. The so-called cautionary Instruction A, asked by appellant and refused, was fully covered by the State's Instruction Number Eight. It is subject to the same criticism as the State's Instruction Number Nine and was properly refused.

In view of all of the foregoing this case must be reversed and that an opportunity may be afforded the State to take such action in regard thereto as may be deemed necessary, it is remanded.

All concur.