THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BYRON HERRON, Defendant-Appellant.

First District (3rd Division)    No. 78-1149

Opinion filed September 19, 1979.

Sam Adam, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Rimas F. Cernius, and Terence P. Gillespie, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Defendant, Byron Herron, was convicted of two counts of bribery (Ill. Rev. Stat. 1973, ch. 38, pars. 33—1(d), (e)) in a bench trial and was sentenced to three years probation. Defendant contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt. We affirm.

Defendant was the clerk assigned to the courtroom of Judge Robert L. Hunter, who was the presiding judge of the divorce division in the circuit court of Cook County. On two different occasions, defendant engaged in conversations with Steven Beck, an attorney whose practice involved divorce cases. Unknown to the defendant, these conversations were tape-recorded at the request of the State's Attorney's office. The tapes were introduced into evidence and played during the trial.

The first conversation took place on March 27, 1975, in the corridor behind the courtroom of Judge Hunter. At that time, they discussed the advancement of a particular divorce case. Beck testified that defendant agreed to advance the case for him. Defendant indicated that it would cost $20; he also told Beck that an immediate hearing could be obtained for $100.

The second conversation took place on April 14, 1975, in an office behind Judge Hunter's courtroom. The case which was the subject of the earlier conversation had been set for that date, and Beck again asked

defendant how much the service cost. Defendant answered "twenty cents," whereupon Beck handed defendant a $20 bill, which he accepted.

On cross-examination, Beck was questioned from a transcript of the tape recordings. Defense counsel asked Beck to point to a place in the transcript where defendant said it would cost $20 to have the case advanced. Beck stated that the tape recording from the March 27, 1975 conversation was inaudible where defendant himself mentioned the $20. In fact, the transcript indicated that defendant's response to the question of how much the case was "going to run" was partially inaudible. Additionally, the tape of the conversation of April 14, 1975, reveals that defendant asked for "twenty cents" when Beck inquired as to how much the service cost. On cross-examination, Beck also admitted that the tape did not contain any specific reference to influencing an act of Judge Hunter. However, Beck insisted that the entire discussion was concerned with getting an early court date which involved the function of Judge Hunter.

Judge Hunter testified regarding the procedures followed in his courtroom at the time of the occurrence. As presiding judge of the divorce division, he would assign cases to the other judges in the division. Defendant would call the cases and then the judge would assign the case, continue the matter, or enter any appropriate order which could include advancing a case for trial. The attorneys would prepare the order which the judge would sign and hand to the clerk to be entered in the book. On occasion, the clerk would hand the order to the judge who would then sign and return it to the clerk. Sometimes during a "rush," 20 to 30 attorneys could be waiting for an agreed order. They might then hand the orders to the clerk and the judge would sign them at the conclusion of the call. Defendant had no authority to assign a case. On rare occasions, however, defendant would inform the judge that an attorney wanted a particular date and the judge might authorize the attorney to present an order to that effect which he would sign and enter.

Defendant contends that the evidence was insufficient to establish that he was guilty of bribery beyond a reasonable doubt. The statute, in relevant part, provides:

"A person commits bribery when:

* * *

(d) He receives, retains or agrees to accept any property or personal advantage which he is not authorized by law to accept knowing that such property or personal advantage was promised or tendered with intent to cause him to influence the performance of any act related to the employment or function of any public officer, public employee, or juror; or

(e) He solicits any property or personal advantage which he is

not authorized by law to accept pursuant to an understanding that he shall influence the performance of any act related to the employment or function of any public officer, public employee or juror." Ill. Rev. Stat. 1973, ch. 38, pars. 33—1(d), (e).

■■ Defendant first argues that the evidence was insufficient to establish beyond a reasonable doubt that he solicited $20 for advancing a case. Defendant bases this argument on the fact that the transcript of the recorded conversations does not show that defendant used the words "twenty dollars." However, on direct examination, Beck testified that defendant told him the advancement of the case would cost $20. Moreover, the trial judge listened to the tapes which indicated the general tenor of the conversations. The absence in the transcript of an express reference to the money by defendant was brought out during the cross-examination of Beck. Beck replied that the tape was inaudible where payment was discussed by the defendant. Thus, this issue presents a question of Beck's credibility which was determined by the trial court. In a bench trial, the credibility of the witnesses and the weight to be given to their testimony is decided by the trial court, and its judgment should not be set aside unless the proof is so unsatisfactory as to cause a reasonable doubt of guilt to appear. (*People v. Fleming* (1971), 50 Ill. 2d 141, 145, 146, 277 N.E.2d 872, 875; *People v. Hanley* (1977), 50 Ill. App. 3d 651, 659, 660, 365 N.E.2d 676, 683.) In the instant case, we believe that the evidence was not so unsatisfactory as to cause a reasonable doubt that defendant solicited $20 for the advancement of a case.

■■ Defendant next argues that the evidence was insufficient to demonstrate that he accepted money knowing it was tendered to influence the advancement of a court date. Once again, defendant relies on the transcript of the tapes which do not expressly refer to his acceptance of the money in exchange for influencing the actions of Judge Hunter. He maintains that it was necessary to prove more than the mere receipt of money since it could be construed as a gratuity, and a gratuity per se is not enough to sustain a conviction. (*People v. Jordan* (1973), 15 Ill. App. 3d 672, 675, 304 N.E.2d 713, 716.) We believe the trial court could have properly concluded that defendant accepted the money knowing it was intended to cause him to influence the advancement of a court date. The trial judge listened to the witnesses and tapes, and it was proper for him to draw inferences therefrom. (See *People v. Clemons* (1976), 44 Ill. App. 3d 26, 29, 358 N.E.2d 20, 23.) He could have reasonably deduced that defendant could commit an act to advance a case that would remain undetected by Judge Hunter because of the extreme volume of his call. An examination of the record clearly supports the conclusion that money was accepted for advancing a case rather than as a mere gratuity. We note, however, that the record does not indicate

that Judge Hunter was involved in the charges for which the defendant was tried.

Defendant also claims that the case was never advanced and, therefore, he could not have accepted money knowing it was tendered with the intent to influence an act of Judge Hunter. First, there was evidence to indicate that the case may have been advanced. Moreover, in order to commit the offense of bribery, the statute does not require that the act to be influenced be performed. (Ill. Rev. Stat. 1973, ch. 38, pars. 33—1(d), (e); *cf. People v. Clemons* (1962), 26 Ill. 2d 481, 483, 187 N.E.2d 260, 261.) The State sufficiently proved that defendant accepted money knowing it was tendered with the intent to influence an act of Judge Hunter and, thus, defendant's argument on this point is untenable.

We believe the evidence was sufficient to prove that defendant was guilty of bribery beyond a reasonable doubt. Accordingly, defendant's conviction is affirmed.

Affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.