STATE of Missouri, Respondent,

v.

Richard T. WALKER, Appellant.

No. 46161.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 9, 1983.

Motion For Rehearing/Transfer to Supreme Court Denied Sept. 15, 1983.

Application to Transfer Denied Oct. 18, 1983.

George E. Schaaf, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted of bribery of a public servant, a violation of § 576.010, RSMo.1978, and was sentenced to six months in the county jail and fined $5,000.00. He appeals. We affirm.

The Board of Directors of the Wellston Fire Protection District set an election on a twenty five cent tax increase for Tuesday, April 7, 1981. The District provides fire protection to Pagedale, six other cities and a portion of unincorporated St. Louis County. The Board reported that if the voters did not approve the tax increase firefight-

ers would have to be laid off. Defendant was president of the union which represented the Wellston firefighters and strongly supported the tax increase.

On March 26, 1981, William Speiser, Leatrice Dowd, John Howe, John Wolf, the City of Pagedale, the City of Wellston, the Village of Hillsdale, and others filed suit against the Wellston Fire Protection District and the St. Louis County Board of Election Commissioners seeking to temporarily and permanently enjoin defendants from placing the tax proposition on the ballot because it was illegal. William Speiser was the elected mayor of the City of Pagedale and Dowd, Howe and Wolf were elected members of Pagedale's Board of Aldermen.

On March 27, 1981, the trial court ordered the District and the Board of Election Commissioners to show cause on April 2, 1981, why a temporary restraining order should not be granted.

William Speiser, Mayor of Pagedale, was the principal witness against defendant. He testified that in a series of meetings and phone conversations on March 31 and April 1, 1981, defendant offered him money and other benefits in return for which the City of Pagedale would withdraw from the lawsuit in St. Louis County challenging the legality of the election. Two of these conversations were recorded. Defendant believed that the City of Pagedale was the most important party-plaintiff to the lawsuit and if Pagedale withdrew, the resolve of the remaining plaintiffs would diminish. On April 2, the trial court denied the plaintiffs' request for a temporary injunction. The voters defeated the tax increase and subsequently plaintiffs dismissed their petition as moot.

Section 576.010.1, RSMo.1978, provides:

A person commits the crime of bribery of a public servant if he knowingly offers, confers or agrees to confer upon any public servant any benefit, direct or indirect, in return for:

(1) The recipient's official vote, opinion, recommendation, judgment, decision, action or exercise of discretion as a public servant; or

(2) The recipient's violation of a known legal duty as a public servant.

The state's verdict-directing instruction required the jury find that defendant offered money or other benefits to William Speiser "in return for the official recommendation of William Speiser as mayor of the City of Pagedale ... that the City of Pagedale withdraw from a lawsuit filed in St. Louis County Circuit Court."

■ On appeal, defendant principally contends the state failed to make a submissible case because there was no evidence that "Mayor William Speiser was acting in his official capacity as the Mayor of the City of Pagedale."

Defendant acknowledges that the City of Pagedale, pursuant to § 79.010, RSMo.1978, "may sue and be sued," but he argues the state failed to prove that the mayor had authorization to file the lawsuit in the first instance. Apparently, defendant contends that if the lawsuit was not authorized by the city council then any subsequent action in connection with it by the mayor could not be official action. In a related vein, he asserts that regardless of whether the lawsuit was authorized, the state failed to introduce evidence that the mayor had any official duties related to the settlement or dismissal of the lawsuit and consequently, that the proposed action to be taken was not official action.

In support of his contention that this was fatal error, defendant relies on several cases, including *State v. Adcox,* 312 Mo. 55, 278 S.W. 990 (1925); *State v. Adams,* 308 Mo. 664, 274 S.W. 21 (1925); *State v. Butler,* 178 Mo. 272, 77 S.W. 560 (1903); and *State v. Farris,* 229 S.W. 1100 (Mo.App. 1921). In *State v. Butler,* defendant was charged with attempting to bribe a member of the City of St. Louis Board of Health by offering him $2,500 if he would vote, as a member of the Board, to accept the bid of a company which he represented. The Supreme Court reversed defendant's conviction because on the date the offer was made, the ordinance authorizing the Board

to invite bids had not yet been passed. The court held that there must be a law in force which imposes upon the public official the duty of acting in his official capacity upon a subject matter which may be brought before him.

> "[T]here can be no bribery of any official to do a particular act, unless the law requires or imposes upon him the duty of acting." It is bottomed upon the sound and logical principle that he cannot be influenced to do something that he has no power or authority to do.

77 S.W. at 574. This principle was reiterated in *State v. Adcox*, 278 S.W. 990, 991 (Mo.1925). *See also State v. Adams*, 308 Mo. 664, 274 S.W. 21 (1925).

The statute in effect at the time of *Adcox* and *Butler* was identical to § 558.010, RSMo.1969, which was repealed as part of the new criminal code and § 576.010 enacted in its place, effective January 1, 1979. A new provision, subsection two, was added to § 576.010 which provides that "[i]t is no defense that the recipient [public servant] was not qualified to act in the desired way because he had not yet assumed office, or lacked jurisdiction,[1] or for any reason." The comment to section 576.010 states subsection two changes Missouri law.

The trial court had before it the complete court file of the St. Louis County lawsuit and it has been filed with this court as a part of the record on appeal. The state introduced no ordinances or resolutions of the city counsel into evidence either establishing the authority of the mayor to file suit [2] or to perform any other official duty in regard to the lawsuit. The state asserts that even in the absence of an ordinance, the mayor was authorized by Missouri law to act. We need not resolve this issue because when the legislature enacted subsection two of § 576.010, Missouri joined the:

> great weight of authority, [that] the giving, receiving of money, etc., for the purpose of influencing official conduct is not

deprived of its criminal character by the fact that the action contemplated is not within the officer's jurisdiction. If he acts in his official capacity—and by this term is meant the doing of such acts as properly belong to the office and are intended by the officer to be official—the offense is complete. The validity or invalidity of the act to be done, or whether the officer ... had or had not jurisdiction, is generally immaterial * * *. 8 Am.Jur., Bribery, secs. 14, 15.

> "The act intended to be influenced must be connected with one's official or public duty, ... but if the act is associated with official duty, it is immaterial whether the bribed person has, or has not, authority to do that specific thing, since the essence of the crime is the fact that he agreed to do it under color of office." [citations omitted].

*State v. Hendricks*, 66 Ariz. 235, 186 P.2d 943, 947 (1947). *See Wells v. State*, 174 Tenn. 552, 129 S.W.2d 203, 204 (1939); 11 C.J.S. *Bribery* § 2(3) p. 850; and cases cited in Annot., 73 A.L.R.3d 374, § 3 (1976).

On the face of the petition, the City of Pagedale, William Speiser and others were plaintiffs. Speiser testified that his participation was both as mayor and as an individual. On March 31, 1981, all defendants in the civil action had been served and a hearing on the temporary injunction was set for April 2. The trial court had jurisdiction of the parties and the subject matter. Defendant perceived the lawsuit as a serious obstacle to a vote on an increase in the Fire Protection District's tax rate. It was in this context that defendant approached Speiser for his assistance in obtaining the withdrawal of the *City of Pagedale* from the lawsuit. The record amply demonstrates that defendant approached William Speiser not in his capacity as an individual, but in his capacity as Mayor of Pagedale. The action contemplated by Mayor Speiser was clearly to be done under color of office

---

1. Jurisdiction means "the power or right to exercise authority." Webster's Third New International Dictionary.

2. We note that neither the Board of Election Commissioners nor the Fire Protection District challenged the right of the City of Pagedale to participate in the lawsuit.

and we have concluded that for the purpose of § 576.010, it was to be done in Mayor Speiser's official capacity. It makes no difference that Mayor Speiser did not perform. The crime of bribery is complete when the offer is made. It is not an element of the offense that the act to be influenced was actually performed or accomplished. *People v. Herron,* 76 Ill.App.3d 437, 32 Ill.Dec. 222, 395 N.E.2d 169 (Ill.App.1979); 11 C.J.S. *Bribery* § 2(5), p. 852.

■ Defendant also contends that the state did not establish William Speiser was a public servant. Speiser testified that he was the duly elected Mayor of Pagedale, a fourth class city and was paid a salary. Speiser was clearly a public servant for purposes of section 576.010. We find no merit to defendant's contention.

■ In defendant's last point, he contends the trial court erred in admitting into evidence certain tape recordings of conversations between defendant and others because portions of them are inaudible. A transcript of the tapes was prepared and used at trial. In *State v. Spica,* 389 S.W.2d 35, 48–49 (Mo.1965), *cert. denied,* 383 U.S. 972, 86 S.Ct. 1277, 16 L.Ed.2d 312 (1966), the Supreme Court stated that the admissibility of tape recordings must depend necessarily upon the particular circumstances of each case, and the trial court has a reasonable discretion in the matter. We have carefully reviewed the record and cannot find the trial court abused that discretion.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.