**STATE of Missouri, Respondent,**

v.

**Tony R. DUNAVANT, Appellant.**

No. 47569.

Missouri Court of Appeals,
Eastern District,
Northern Division.

July 31, 1984.

Loramel P. Shurtleff, Columbia, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of selling cocaine and hydromorphone; class A felonies under § 195.020, RSMo.1978. He was sentenced to 30 years for each offense with sentences to run concurrently. Defendant appeals citing as error that a tape recording made of the sale and a transcript of that tape were erroneously admitted into evidence. He further contends there was insufficient evidence to support the verdict.

In reviewing the record to ascertain whether there was sufficient evidence, we will accept as true all evidence whether circumstantial or direct, tending to prove defendant guilty together with all reasonable inferences supportive of the verdict. We disregard the portions of the record contrary to the verdict. Our sole determination will be whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *State v. Brooks*, 618 S.W.2d 22, 23 (Mo. banc 1981). It is for the jury to decide the credibility of the witness and how much weight is to be accorded to his testimony. *State v. Williams*, 652 S.W.2d 102, 111 (Mo. banc 1983).

The state's principal witness was Bill Wagner, a police informer. Wagner testified that he contacted defendant to arrange a drug sale. He stated that on March 16, at 6:00 p.m., before meeting defendant to purchase the drugs, he went to the Panhandle Eastern Building in Mexico, Missouri where Detective Sewell and Lt. Cason gave him $1250.00. There, the police officers searched his car and his person, and outfitted him with a tape recorder to record the drug sale. Wagner testified that several hours later, as planned, he met defendant at a Stop N Go market in Audrain County, Missouri. Wagner stated that he got into defendant's car; defendant drove around as the drug transaction was completed. Wagner testified that he received from defendant 10 yellow pills (later identified by expert as hydromorphone) and approximately ½ ounce of cocaine in exchange for the $1250.00. Wagner returned

to the Panhandle Eastern Building where he gave the police officers the tape recording of the conversation and the purchased drugs. The tape recording was played at trial and a transcript of the tape prepared by Detective Sewell was admitted into evidence. A submissible case was made and the evidence was sufficient to support the jury's conclusion that defendant had sold hydromorphone and cocaine to Wagner. Therefore, defendant's first point of error must be denied.

■■■ Defendant next contends that the tape recording was improperly admitted because the tape was of such poor quality that it could not be used as evidence. On the morning of trial, the court heard defense counsel's motion to suppress admission of the tape as evidence. At that time the prosecuting attorney played the tape for the court. While listening to the tape, the court also examined the transcript to verify its accuracy. The court, noting that "[t]he tape is remarkably clear ... from others I have heard," overruled defense counsel's motion and found both tape and transcript admissible as evidence. The admission of tape recordings depends upon the particular circumstances of each case, and the trial court has reasonable discretion in determining admissibility. *State v. Walker*, 657 S.W.2d 704, 707 (Mo.App. 1983). Partial inaudibility is not a bar to admission so long as the unintelligible portions are not so substantial as to render the recording as a whole untrustworthy. *State v. Spica*, 389 S.W.2d 35, 48 (Mo.1965). We have listened to the tape and find some portions of the tape to be inaudible. However, the inaudible portions are not so substantial as to render the tape inadmissible. We find no abuse of the court's discretion on this issue.

Defendant further contends admission of the tape recording was error because the tape recording was filtered and the prosecutor failed to disclose the existence of the filtered tape prior to trial which resulted in fundamental unfairness and lack of due process for defendant. During the motion to suppress, defense counsel objected strenuously to the admission of the tape because an inaudible tape had been presented to defense counsel during discovery. In her objection, defense counsel stated that prior to trial she had gone to the prosecutor's office to listen to the tape recording of the sale. However, the tape was of such poor quality no conversation could be discerned through the background noises of the recording. According to defense counsel, the first time she was aware an audible tape existed was on the morning of trial when the prosecutor played the tape recording for the court during the motion to suppress. The prosecuting attorney maintained that only one unaltered tape existed.

■■■ We find defendant's allegations most serious. The state may not suppress evidence vital to defense or convey incorrect or misleading information to defendant. *State v. Collor*, 502 S.W.2d 258, 260 (Mo.1973). However, defendant's motion does not prove itself. A motion made by counsel is not evidence of the facts stated within it. *State v. Williams*, 623 S.W.2d 552, 554 (Mo.1981). The record is devoid of any testimony or offer of proof that an inaudible tape was presented to defense counsel during discovery. There is no testimony establishing that the tape was filtered, as defendant charges on appeal, nor was a continuance requested to obtain an expert opinion as to whether the tape had been altered. Similarly, we have no record of the discovery request made under Rule 25.03. As the record does not contain an evidentiary basis upon which this point could be considered and ruled in his favor, defendant's point of error is denied. *See State v. Bluitt*, 592 S.W.2d 752, 754 (Mo. banc 1980).

■■■ Finally, defendant contends that the court erred in allowing the transcript of the tape to be read by the jury as they listened to the tape recording because the transcript had been prepared by a participant in the conversation, and there was no stipulation by defendant to the accuracy of the tape. Detective Sewell was not a participant in the drug sale as defendant

claims. Wagner's testimony corroborated by the tape establishes that only defendant and Wagner were present when the sale was made. Absent some specific allegation of prejudice, we find nothing inherently wrong in preparation of a transcript by a police officer. *See United States v. Bentley*, 706 F.2d 1498, 1507 (8th Cir.1983), *cert. denied, Platt v. U.S.*, —— U.S. ——, 104 S.Ct. 107, 78 L.Ed.2d 110 (1983).

 Although defendant did not admit the accuracy of the transcript, his failure to stipulate to the accuracy does not automatically exclude the transcript's admission. *State v. Montgomery*, 590 S.W.2d 105, 108 (Mo.App.1979), establishes the foundation requirements for a transcript where accuracy is an issue. After reviewing the record, we find the foundation for admission of the transcript met the requirements as set out in *Montgomery*.

Judgment affirmed.

DOWD, C.J., and CRIST, J., concur.