THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE DOUGHERTY, Defendant-Appellant.

First District (1st Division)   No. 83—2015

Opinion filed August 31, 1987.

James J. Doherty, Public Defender, of Chicago (Kathleen M. Pantle, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Bonnie Meyer Sloan and Kim A. Novi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant George Dougherty was convicted of bribery pursuant to section 33—1(e) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 33—1(e)) and sentenced to three years' felony probation with the first six months to be served in the Cook County House of Corrections. On appeal, he argues: (1) that he was not proven guilty beyond a reasonable doubt; (2) that the trial court erred in allowing into evidence testimony concerning certain prior acts; and (3) that the trial court erred in denying defendant's motion *in limine* to exclude a tape-recorded conversation. We affirm.

Defendant was arrested at Skorpio's Restaurant in Streamwood, Illinois, for bribery. Prior to trial, defendant made a motion *in limine* to exclude any conversations or acts prior to the May 6, 1982, bribery with which he was charged. This motion was denied. He also made a

motion to exclude the tapes of the conversation that took place at Skorpio's on grounds that the tapes were unintelligible in part. The trial court ruled that the inaudible portions were not so substantial as to render the recording as a whole untrustworthy.

Testimony at trial revealed the following facts. Dennis Shoup (Shoup) owned a body shop in Schaumburg doing business as D. J. Auto Body. Shoup decided to install a paint booth in his shop and called the village of Schaumburg building department on April 21, 1982, to inquire about licensing requirements and to obtain necessary building permits. He was referred to defendant, George Dougherty (Dougherty).

On April 21, 1982, Dougherty was a plans examiner whose duties included examining all building permit drawings to insure compliance with the village building code. As an employee of the village, Dougherty was prohibited from doing outside work, such as architectural drawings, and from accepting any money from persons who had submitted plans to him. His job with the village was scheduled to terminate on April 23 for financial reasons unrelated to this matter.

During the phone conversation, Dougherty informed Shoup that the improvement he planned would cost $10,000 to $15,000 and that they should meet to discuss the matter. Dougherty then gave Shoup his home phone number when Shoup declined and instructed him to call that night and set up a meeting. When Shoup called, defendant advised him that for $300, he might be able to help Shoup get around some of the building code restrictions. He told Shoup to come to his house at 8 p.m. that evening with certain drafting supplies. That night, Dougherty drew up a plan for Shoup's business and explained procedures for completing the forms at City Hall. Shoup then paid $300 to Dougherty.

The next day Shoup met defendant at City Hall, where Dougherty helped him fill out some forms. On April 23, 1982, defendant called Shoup to tell him that he could pick up his documents and building permits. He told Shoup that he would need another $125 to pay off Eugene Wright (Wright), the village electrical inspector and directed Shoup to put two $50's, a $20, and a $5 in a paper clip under the front seat of Dougherty's car. Shoup did so after making a Xerox copy of the bills.

Nels Hornstrum, director of buildings for the village of Schaumburg, testified that he learned of the incident involving Shoup and approached him on April 27, 1982. Shoup informed Hornstrum about the $300 and $125 payments and told him that Dougherty had told him that the money was being used to pay off two inspectors.

On May 3, 1982, Shoup met with Officer Kenneth Alley of the Schaumburg police department. Later that day, the officer listened in on a conversation between Shoup and defendant during which defendant told him not to worry about a business license or a final inspection of his premises. On May 4, 1982, defendant called Shoup and stated that he needed an additional $100 to pay off Wright. On May 5, again with Officer Alley listening in, Shoup called defendant to tell him that he would have the $100 for him the next day. When Shoup asked Dougherty what had become of the previous payments, Dougherty responded that most of the money had gone to other people and he had only kept $50. Shoup then set up a meeting with Dougherty for 3 p.m. on May 6, 1982, at Skorpio's.

Gene Wright testified that on either May 3 or 4, Dougherty asked him to stop by his house. Wright did so and Dougherty told him that he wanted Wright to help out somebody who had a body shop. Wright called his office to find out if there was a problem with Shoup's certificate of occupancy and found out that there was none. Defendant then offered him $30, which he refused to take.

On May 6, 1982, Shoup was fitted with a tape recorder and microphones at the downtown Justice Center. Shoup was also given $100 by Officer Alley. Shoup then went to Skorpio's Restaurant, where he met with defendant. They filled out various forms, Shoup gave defendant the $100, and there was some discussion regarding the $425 that Shoup had previously given defendant. Defendant then stated that he was going to use the $100 to pay off Gene Wright so that he would not inspect Shoup's business. Shortly thereafter, Officer Alley and two other police officers came in and arrested defendant.

■ Defendant first contends that he was not proven guilty beyond a reasonable doubt as the State failed to prove a connection between his actions and the influencing of a public official (Gene Wright) and failed to prove the requisite intent. He asserts that under the relevant portion of the bribery statute, the State must prove that an understanding existed that one party would influence the employment or function of a public official and that the State has not done so here. The basis of defendant's argument is that on May 6, 1982, Dougherty was no longer employed by the village of Schaumburg and therefore without authority to affect an electrical inspection of D.J. Auto Body, and furthermore, since Dougherty knew on May 4 that Wright could not be bribed, his statements to Shoup on May 6 were an attempt to exploit Shoup's own criminality rather than an attempt to bribe a public official. The State maintains that the testimony of Dennis Shoup, Officer Alley and Eugene Wright, along with the evidence of

the tape-recorded payoff and the discovery of the $100 in defendant's possession overwhelmingly supports the verdict of guilty. We agree.

The relevant portion of the bribery statute under which defendant was charged states:

"A person commits bribery when:

* * *

(e) He solicits any property or personal advantage which he is not authorized by law to accept pursuant to an understanding that he shall influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness." (Ill. Rev. Stat. 1981, ch. 38, par. 33—1(e).)

In order to commit the offense of bribery, the statute does not require that the act to be influenced ever be performed. *People v. Herron* (1979), 76 Ill. App. 3d 437, 441, 395 N.E.2d 169.

■ Defendant's argument that the transfer of money from Shoup to Dougherty represented a transaction between private citizens that had no bearing on the conduct of a government official has no merit. The fact that the intermediary is a private citizen rather than a public official does not preclude us from finding that the receipt of money by that private citizen for the purpose of paying off a public employee constitutes bribery. The determinative factor is that Dougherty took the money with the understanding that it be used to pay off a government official.

We considered and rejected a similar argument in *People v. Freedman* (1987), 155 Ill. App. 3d 469, 508 N.E.2d 326. The lawyer-defendants in *Freedman* had argued that since they were not public employees, the bribery statute did not restrict their authority to solicit money from their clients for the alleged purpose of bribing a judge. In that case we held that "[n]o one * * * [could] be authorized to accept or solicit money to bribe a judge." (*People v. Freedman* (1987), 155 Ill. App. 3d 469, 472, 508 N.E.2d 326.) Similarly, it follows that an individual cannot solicit money from a third party pursuant to an understanding that he will pay off a public employee, as was the situation here.

■ Defendant's contention that the State failed to prove that he had the requisite intent to commit bribery also has no merit. This assertion ignores the testimony of Gene Wright that Dougherty had offered him $30 on one occasion. It also ignores the testimony of Dennis Shoup regarding telephone conversations between Shoup and Dougherty and the corroborating testimony of Officer Alley. In our opinion there is no question but that defendant knew the money he

accepted was given to him with the understanding that it be used to influence Gene Wright in his official duties as a building inspector. It is irrelevant that Wright refused to take the money; all that is required under section 33—1(e) of the statute is that the money defendant accepted was paid to him pursuant to an understanding that it be used to influence the performance of a public employee. Ill. Rev. Stat. 1981, ch. 38, par. 33—1(e); see also *People v. Herron* (1979), 76 Ill. App. 3d 437, 441, 395 N.E.2d 171.

■ We also reject defendant's contention that the trial court erred in allowing into evidence testimony concerning transactions that occurred between Shoup and Dougherty prior to May 6, 1982.

The prior acts which were introduced concerned the $300 payment to Dougherty on April 21, 1982, and a $125 payment on April 23, 1982. Shoup testified that the first payment was made after Dougherty diagrammed a proposed layout of his body shop and while Dougherty was still employed by the village of Schaumburg. The second payment, which was made by placing money in Dougherty's car, was to pay off Gene Wright.

Although the general rule is that evidence of other crimes not charged is inadmissible (*People v. McDonald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489), an exception exists where the evidence is independently relevant to show that the prior acts were part of a related plan, scheme or design. (See generally McCormick, Evidence sec. 190, at 559 (3d ed. 1984).) While the trial court must weigh the probative value of such evidence against any possible prejudicial effects, evidence of conduct leading up to bribery is often held admissible because bribery generally involves a continuing course of conduct. *People v. Rockola* (1931), 346 Ill. 27, 36, 178 N.E.2d 384; *People v. Thoms* (1975), 30 Ill. App. 3d 229, 234, 332 N.E.2d 538, *cert. denied* (1976), 424 U.S. 968, 47 L. Ed. 2d 735, 96 S. Ct. 1465.

■ In our opinion, the two prior acts testified to by Shoup were clearly portions of the same scheme and therefore were relevant, not to show Dougherty's propensity to commit acts of bribery, but as evidence of an ongoing scheme, the purpose of which was to avoid the inspection of Dennis Shoup's body shop. Accordingly, we find that the trial court did not abuse its discretion in admitting testimony relative to the prior transactions between Shoup and Dougherty.

■ Defendant's final contention is that the trial court erred in denying the motion *in limine* to exclude the tapes of the conversation between Dougherty and Shoup. His argument is based on the fact that the tapes were unintelligible in part and that the two transcriptions contain discrepancies. We see no merit in either argument.

A partially inaudible sound recording is admissible unless the inaudible portions are so substantial as to render the recording, as a whole, untrustworthy. (*People v. Spicer* (1978), 61 Ill. App. 3d 748, 758, 378 N.E.2d 169, *rev'd on other grounds* (1979), 79 Ill. 2d 173, 402 N.E.2d 169, *cert. denied* (1980), 446 U.S. 940, 64 L. Ed. 2d 794, 100 S. Ct. 2162; see also Annot., 57 A.L.R.3d 746 (1974).) The admission of a recording that is partially inaudible or that reproduces only part of a statement or conversation is a matter within the trial court's discretion. *People v. Moore* (1980), 90 Ill. App. 3d 760, 765, 413 N.E.2d 516, *appeal denied* (1981), 83 Ill. 2d 573.

At the hearing on defendant's motion *in limine*, the trial court listened to the tape and concluded that although to some extent the recording was inaudible due to background interference, the inaudible portions were not so substantial as to render the recording as a whole untrustworthy. We have also listened to the recording and concur with the finding of the trial court.

Defendant's argument regarding the discrepancies is similarly unpersuasive. At the hearing on defendant's motion *in limine*, defendant's counsel noted for the record that he didn't think that the court reporter would be able to pick up the entire contents of the tape, but the judge indicated that he would allow the court reporter to transcribe what she was able to hear. During the actual trial, it appears that there was an opportunity for a more complete transcription of the tape. Although defendant complains of discrepancies, he neither refers to specific instances nor does he state whether they relate to significant portions of the conversation. Under these circumstances, we find no abuse of discretion in admitting the tape.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Additionally, pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, and *People v. Agnew* (1985), 105 Ill. 2d 275, 473 N.E.2d 1319, we assess defendant $75 in costs for the State's defense of the instant appeal and hereby incorporate it as part of this judgment.

Judgment affirmed.

QUINLAN, P.J., and MANNING, J., concur.